UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: _____

JIMMY HEATH,

              Plaintiff,

vs.

ALL COUNTY TOWING, INC.
a/k/a PAGE THREE ENTERPRISES, INC.
d/b/a ALL COUNTY TOWING,

              Defendant.
_____/

## COMPLAINT

Plaintiff, JIMMY HEATH ("Plaintiff"), by and through his undersigned counsel, files this Complaint against Defendant, ALL COUNTY TOWING, INC. a/k/a PAGE THREE ENTERPRISES, INC. d/b/a ALL COUNTY TOWING ("Defendant"), alleging as follows:

## INTRODUCTION

1.     This is a proceeding for damages to remedy discrimination and retaliation on the basis of handicap affecting the terms, conditions and privileges of employment and to redress the deprivation of rights secured to Plaintiff by the Americans With Disabilities Act of 1990, 42 U.S.C. § 12112 et. seq. ("ADA").

## JURISDICTION

2.     Jurisdiction is invoked pursuant to the ADA.

## VENUE

3.     The claims asserted herein arose in this judicial district.

## PARTIES

4.     At all times material hereto, the Plaintiff was a citizen of the United States, resident of this judicial district and an employee or former employee of the Defendant.

5.     At all times material hereto, the Defendant was a Florida corporation authorized to do business and services in this judicial district, was the employer or former employer of the Plaintiff, and is an employer as defined by the ADA.

6.     The Plaintiff has exhausted and fulfilled all conditions precedent to the institution of this action pursuant to the ADA.

## STATEMENT OF FACTS

7.     The Plaintiff was an employee of the Defendant since April 6, 2018.

8.     Upon hiring, he informed the Defendant that he was getting married on April 24, 2018 and was approved for the time off.

9.     However, the day before his wedding, Plaintiff's wife had a seizure, and he called in to work to notify Defendant of what occurred.

10.    By the end of the day, Plaintiff received a call and was told that he was terminated.

11.    However, when the Plaintiff's Manager heard he was terminated for what was clearly a discriminatory reason, he brought Plaintiff back to work, but placed him in towing instead of booting.

12.    As a tow truck driver, Plaintiff is unable to receive commission or tips being on an hourly rate only.

2

13.     Plaintiff was in shock that he received this demotion as his pay changed from $12 per hour to $10 per hour, simply because his wife suffers from a disability that required him time off.

14.     As a result, Plaintiff complained that such conduct was retaliatory.

15.     In response to these complaints, Plaintiff was fired.

<u>**COUNT I**</u>
**<u>AMERICANS WITH DISABILITIES ACT OF 1990-DISCRIMINATION</u>**

Plaintiff incorporates by reference paragraphs 1 through 15 herein and states as follows:

16.     The Defendant has discriminated against the Plaintiff in the terms and conditions of his employment, and has denied the Plaintiff employment because of his association with a handicap.

17.     The unlawful discriminatory practices by the Defendant and its agents, as set forth herein, violates The Americans With Disabilities Act of 1990.

18.     As a direct and proximate result of the Defendant's unlawful and discriminatory conduct, the Plaintiff has and will continue to suffer damages.

WHEREFORE, the Plaintiff, JIMMY HEATH, requests that judgment be entered against the Defendant, ALL COUNTY TOWING, INC. a/k/a PAGE THREE ENTERPRISES, INC. d/b/a ALL COUNTY TOWING, for all damages recoverable under the Americans With Disabilities Act of 1990, as adopted from Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e, <u>et</u> <u>seq</u>., including punitive damages, as well as costs, expenses, attorney fees and any other lawful relief this Court deems to be just and proper.

<u>**COUNT II**</u>
**<u>AMERICANS WITH DISABILITIES ACT OF 1990-RETALIATION</u>**

Plaintiff incorporates by reference paragraphs 1 through 15 herein and states as follows:

19.     The Defendant's discharge of the Plaintiff was, in whole or in part, in retaliation for his complaints of disability discrimination.

20.     The Defendant has discriminated against the Plaintiff in the terms and conditions of his employment, and has denied the Plaintiff continued employment in retaliation for his lawfully having engaged in statutorily protected activity and as a result of his complaints of disability discrimination.

21.     The Defendant's conduct constitutes unlawful retaliation under The Americans With Disabilities Act of 1990, and such actions were willful and malicious and, as a direct and proximate result of the Defendant's unlawful and discriminatory conduct, the Plaintiff has suffered damages and will continue to suffer irreparable injury and damages.

WHEREFORE, the Plaintiff, JIMMY HEATH, requests that judgment be entered against the Defendant, ALL COUNTY TOWING, INC. a/k/a PAGE THREE ENTERPRISES, INC. d/b/a ALL COUNTY TOWING, for all damages recoverable under the Americans With Disabilities Act of 1990, as adopted from Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e, et seq., including punitive damages, as well as costs, expenses, attorney fees and any other lawful relief this Court deems to be just and proper.

## DEMAND FOR JURY TRIAL

The Plaintiff demands a jury trial.

Dated: June 25, 2019.                    Respectfully submitted,

                                         Law Offices of Levy & Levy, P.A.
                                         1000 Sawgrass Corporate Parkway, Suite 588
                                         Sunrise, Florida  33323
                                         Telephone: (954) 763-5722
                                         Facsimile: (954) 763-5723
                                         *Counsel for Plaintiff*

                                         */s/ Chad Levy*_____
                                         CHAD E. LEVY, ESQ.
                                         chad@levylevylaw.com
                                         Secondary: assistant@levylevylaw.com
                                         F.B.N.: 0851701
                                         DAVID M. COZAD, ESQ.
                                         david@levylevylaw.com
                                         F.B.N.: 333920